UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR-06-30-B-W |
| | ) |
| HUGH WHITTY | ) |

**ORDER OF DETENTION PENDING TRIAL**

Charged in a one-count indictment for an alleged violation of 18 U.S.C. 2252A(a)(5)(b), possession of child pornography, *indictment* (Docket # 1), Hugh Whitty entered a plea of not guilty. (Docket # 11). The Government moved for detention (Docket #s 10, 18), and on April 7th, this Court held a detention hearing pursuant to 18 U.S.C. § 3142(f) (Docket #s 13, 17).[1] Concluding there are no conditions or combination of conditions which would assure the safety of the community, this Court orders the Defendant detained pending trial.

**I.    Relevant Law**

According to 18 U.S.C. § 3142(f), if the charge involves a "crime of violence" and the Government moves for detention, this Court is empowered to conduct a hearing to determine whether any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of any other person and the community. *Id.* at (1)(A). As defined by 18 U.S.C. § 3156(a)(4), a crime of violence includes "any felony under chapter…110". *Id.* at (C). A violation of § 2252A falls within Chapter 110, Sexual Exploitation and Other Abuse of Children. Under 18 U.S.C. § 3142(e), this Court must take into account (1) the risk of the

---

[1] The Government filed an initial motion for detention, (Docket # 10), and then amended its motion, (Docket # 18), to specify the grounds for the case's eligibility for detention under 18 U.S.C. § 3142(f).

defendant's flight; (2) risk to the safety of any other person; and, (3) risk to the safety of the community.[2]  The burden is on the Government and the standard of proof is clear and convincing evidence.  *Id.* at (f).

## II. Discussion

At the April 7th detention hearing, Senior United States Probation Officer Wade Maddox testified as to the Pretrial Services Report that he prepared on Mr. Whitty.  Mr. Maddox's testimony, which this Court credits, established that Mr. Whitty has a previous conviction in Maine state court for gross sexual assault and unlawful sexual contact.  While in his early twenties, he sexually assaulted his five-year-old sister on numerous occasions over a period of six months, and was convicted for doing so in 1999.  Mr. Whitty received a sentence of eight years, all but nine months suspended, and six years' probation.  He was diagnosed with pedophilia and entered a two-year intensive sex offender treatment program at the Behavioral Health Center in Bangor to prevent re-offending.  Under the terms of the program, it is likely he entered into a contract agreeing, among other things, to avoid pornography.  Despite Mr. Whitty's completion of the program, when his state probation officer, Corey Day, made an unannounced visit to Mr. Whitty's residence in 2004, he discovered adult and child pornography.  Mr. Whitty admitted to his possession of child pornography and the state court revoked Mr. Whitty's probation.  He returned to state custody and was ultimately released on December 30, 2005.  Since his release, there is no evidence of any further wrongdoing.

Defense counsel urges this Court that a combination of conditions would satisfy the mandate of the statute and ensure the safety of the community.[3]  He suggests that this

---

[2] While the statute uses the connective "and" among these considerations, the First Circuit clarified that one alone is sufficient.  *See United States v. Montiero,* No. 91-1768, 1991 U.S. App. LEXIS 27936, *9-*10 (1st Cir. Sept. 10, 1991)(unpublished)(citations omitted).

Court impose electronic monitoring, require stringent unannounced visits and searches, remove his computer, order continued employment, and mandate ongoing counseling.

Applying the criteria in § 3142(g)(1), this Court notes that the pending offense is statutorily deemed a crime of violence, 18 U.S.C. § 3156(a)(4)(C), and the Defendant faces a minimum term of imprisonment of ten years and a maximum term of twenty years. 18 U.S.C. § 2252A(b)(2). In assessing the "weight of the evidence against the person", it is noteworthy that Mr. Maddox testified that Mr. Whitty admitted his conduct to his state probation officer and that his state probation has been revoked on this basis. 18 U.S.C. § 3142(g)(2). In evaluating Mr. Whitty's "history and characteristics" under 18 U.S.C. § 3142(g)(3), Mr. Whitty presented evidence of his ongoing employment at a local restaurant and his roots in the Bangor area. Nevertheless, Mr. Whitty's prior conviction involved sexual abuse of his five-year old sister over an extended period under circumstances that reflect a betrayal of trust. Also, the statute directs the Court to consider whether his current offense was alleged to have occurred while the defendant was on probation, *id.* at (B), which was the case here.

Finally, the Court must consider the "nature and seriousness of the danger to any person or the community that would be posed by the person's release". 18 U.S.C. § 3142(g)(4). Here, Mr. Whitty presents with a history of child sexual abuse and a psychiatric diagnosis of pedophilia. Furthermore, the current charge is possession of child pornography and the potential victims are children, those least capable of protecting themselves.

---

[3] The Government presented some evidence as to risk of flight, but the Court concluded it had not met its burden on these grounds, and this Court did not grant the motion on this basis.

Applying all these criteria, this Court agrees with the Government that the conditions proposed by Mr. Whitty are insufficient to ensure the community's protection. Mr. Whitty is a graduate of the most intensive rehabilitation program the state offers. He had the opportunity to live with restrictive conditions of release and counseling, but now stands charged federally with possession of child pornography. Furthermore, electronic monitoring may reveal where Mr. Whitty is, but not who he is with. Based on Mr. Whitty's criminal history, the nature of the prior conviction, his demonstrated inability to comply with intensive conditions of release, the seriousness of the pending charge, the weight of the evidence against him, and the obligation of this Court to protect the community, particularly the children in the community, the Court finds by clear and convincing evidence that there are no conditions or combination of conditions which would assure the safety of the community.

### III. Conclusion

It is ORDERED that Defendant be detained pending trial.

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purposes of an appearance in connection with a court proceeding.

SO ORDERED.

5

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 10th day of April, 2006